FILED - USDC - FLMD - JAX
MAR 17 2026 PM2:34

DEMETRIUS K. CARTER,

Plaintiff,

v.

ALLSTATE CORPORATION,

Defendant.

Case No.: 3:26-cv-00578-JEP-PDB

COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Demetrius K. Carter, files this civil action against Defendant Allstate Corporation for violations of Title VII of the Civil Rights Act of 1964, as amended, and alleges:

---

I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.

3. Venue is proper in the Middle District of Florida, Jacksonville Division, under 28 U.S.C. § 1391(b), because Plaintiff resides in this District and the unlawful employment practices were directed toward Plaintiff while he worked remotely from Jacksonville, Florida.

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 510-2025-05741.

5. Plaintiff received a Notice of Right to Sue dated December 18, 2025, and files this action within the required 90-day period.

---

## II. PARTIES

1. Plaintiff Demetrius K. Carter is a Black male who resides in Jacksonville, Florida.

Plaintiff's mailing address is:

55 Deerwood Rd, Unit 37, Savannah, GA 31410.

2. Plaintiff's email address is: Carter.Demetrius@icloud.com.

3. Defendant Allstate Corporation is a domestic U.S. corporation headquartered at:

3100 Sanders Road, Northbrook, Illinois 60062.

Defendant employs more than 15 employees and is an "employer" under Title VII.

---

## III. FACTUAL ALLEGATIONS

1. Plaintiff began working for Defendant on October 4, 2022, as a Claims Adjuster, working remotely from Jacksonville, Florida.

2. Plaintiff performed his job duties satisfactorily at all relevant times.

3. Plaintiff was supervised by Joshua Mead, a white supervisor, and Jason Griffin, a white supervisor.

4. Beginning in 2024, Plaintiff was subjected to harassment, disparate treatment, and illegitimate reprimands after following company policy to escalate concerns through the appropriate hierarchy.

5. Plaintiff later learned that supervisors Mead and Griffin exchanged emails instructing leadership to ignore Plaintiff's communications, despite Plaintiff following established policy.

6. When Plaintiff questioned why he was reprimanded for following policy, Mead stated it was "additional coaching" and that Plaintiff's communications were "inappropriate."

7. After Plaintiff raised concerns, Mead began over-scrutinizing and nitpicking Plaintiff's claims in a retaliatory manner.

8. On November 24, 2024, Plaintiff submitted a written grievance to supervisors Griffin, Rebecca Nahat, and CEO Tom Wilson, outlining a hostile work environment, disparate treatment, and racial bias.

9. No corrective action was taken.

10. Plaintiff engaged in multiple HR interactions with Carita Fernandes and Charmaine Neal, during which HR minimized Plaintiff's concerns and, on one occasion, improperly referenced Plaintiff's protected health information from a prior medical leave.

11. Defendant failed to investigate or remedy the discrimination.

12. After Plaintiff complained about discrimination and retaliation, Defendant terminated Plaintiff on March 27, 2025.

13. Plaintiff's termination was causally connected to his protected activity.

---

IV. CLAIMS FOR RELIEF

COUNT I – RACE DISCRIMINATION (TITLE VII)

1. Plaintiff realleges paragraphs 1–21.

2. Plaintiff is a member of a protected class (Black).

3. Plaintiff was subjected to disparate treatment, harassment, and termination because of his race.

4. Defendant's conduct violated Title VII.

5. As a result, Plaintiff suffered lost wages, emotional distress, and other damages.

WHEREFORE, Plaintiff requests judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, costs, and all other relief the Court deems just.

---

COUNT II – RETALIATION (TITLE VII)

1. Plaintiff realleges paragraphs 1–21.

2. Plaintiff engaged in protected activity by reporting discrimination and hostile work environment.

3. Defendant retaliated by increasing scrutiny, ignoring grievances, and ultimately terminating Plaintiff.

4. Defendant's actions violated Title VII.

WHEREFORE, Plaintiff requests judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, costs, and all other relief the Court deems just.

---

## V. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

- Award back pay and lost benefits
- Award front pay or reinstatement
- Award compensatory damages
- Award punitive damages
- Award costs and fees
- Grant any other relief the Court deems proper

---

Respectfully submitted,

Demetrius K. Carter

Residence: Jacksonville, FL

Mailing Address: 55 Deerwood Rd, Unit 37

Savannah, GA 31410

Phone: (917) 660-8290

Email: Carter.Demetrius@icloud.com

Pro Se Plaintiff

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/18/2025

**To:** Mr. Demetrius K. Carter
112 W Adams St Unit 1610
JACKSONVILLE, FL 32202
Charge No: 510-2025-05741

EEOC Representative and email: SUSAN DIAZ
INVESTIGATOR
SUSAN.DIAZ@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2025-05741.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
12/18/2025

Evangeline Hawthorne
Director

**Cc:**
NA NA
ALLSTATE CORPORATION
112 W Adams St Unit 1502
JACKSONVILLE, FL 32202

Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2025-05741 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2025-05741 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

EEOC No. 510-2025-05741 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

**CHARGE PRESENTED TO:**
EEOC
Florida Commission On Human Relations

**AGENCY CHARGE NO.**
510-2025-05741

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Demetrius K. Carter

Phone No.: (917) 660-8290
Year of Birth: 1992
Mailing Address: 112 W Adams St Unit 1610
JACKSONVILLE, FL 32202

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: ALLSTATE CORPORATION
No. Employees, Members: 15 - 100 Employees
Phone No.: (800) 726-6033
Mailing Address: 3100 SANDERS RD
NORTHBROOK, IL 60062, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 11/23/2024
Latest: 03/27/2025

THE PARTICULARS ARE:

I am Black. I worked for the above employer remotely from October 4, 2022, to March 27, 2025, as a Claims Adjustor. During my employment, I was harassed by Joshua Mead, white Supervisor. The harassment consisted of illegitimate reprimands for speaking up via "protected" company policy hierarchy steps. Joshua Mead, white supervisor and his direct leader at the time; Jason Griffin, white supervisor shared an email exchange where I was being scolded and ultimately instructed by leadership to just ignore and cease communications with me altogether. When I asked Joshua Mead, white supervisor why I was being "reprimanded" for clearly following company policy his reply was to the effect of this was "some additional coaching" as my actions in sending emails to my oversight teams were deemed "inappropriate". I was further taken aback when the retaliatory behaviors started, from Joshua Mead, white supervisor began to overly scrutinize and nitpick my claims going forward. It had created a clear line of harassment which became unpalatable. I escalated my grievance to Jason Griffin, white supervisor; as well as all of the various leaders in management. This email was drafted and sent on November 24, 2024 outlining all my grievances of the hostile work environment, the disparate treatment, the racial biases that had become present. No immediate action was taken by Jason Griffin, white supervisor who was the direct leader of Joshua Mead, white supervisor. Rebecca Nahat, white supervisor of Jason Griffin. Tom Wilson, Allstate CEO. All of this would culminate into multiple HR interactions with Carita Fernandes, HR and Charmaine Neal, HR Leader. However, the issues with HR and the retaliatory practices were so deep rooted where on one occasion my personal protected health information was used against me by Charmaine Neal, HR Leader as she opened a conference call with her understanding that we were there to reprimand me from a reprimand from 2

years prior that caused me to take a health or medical leave. I was there alongside on that call with Carita Fernandes and myself and was shocked that they both had treated my serious concerns about workplace equality with such cavalierness. My employer took no action with my concerns. In retaliation for complaining about discrimination, I was discharged on March 27, 2025.

I believe that I was discriminated against due to my race/black in violation of Title VII of the 1964 Civil Rights Act, as amended and all applicable state statues.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Demetrius K. Carter

12/17/2025

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary ____________________

Printed Name ____________________

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.